IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEYVIS PADILLA LOPEZ,

     Petitioner,

v.                                     No. 2:26-cv-00709-KG-GJF

PAMELA BONDI, et al.,

     Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Deyvis Padilla Lopez's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 8. Because Petitioner's challenge presents a purely legal question, the Court declines to hold a hearing. *See* 28 U.S.C. § 2243. For the reasons below, the Court finds that Petitioner's detention violates the Immigration and Nationality Act ("INA") and orders a prompt bond hearing.

### I.    *Background*

Petitioner came to the United States from Cuba on December 8, 2023. Doc. 8 at 1. Immigration and Customs Enforcement ("ICE") agents apprehended and detained Petitioner, *id.* at 1–2, but promptly released him on his own recognizance. Doc. 1 at 11–14.

On November 8, 2025, Petitioner was arrested in Jacksonville, Florida, on state criminal charges. Doc. 8 at 2. ICE made contact with Petitioner while he was in custody, and determined he was "a citizen of Cuba and amenable to removal at this time." *Id.* After the state charges were dismissed, the Department of Homeland Security ("DHS") issued a warrant for Petitioner's arrest and moved him into DHS custody. *Id.* DHS transferred Petitioner to the Otero County

Processing Center in Chaparral, New Mexico, on December 3, 2025.  Docs. 1 at 9, 8 at 2.
Petitioner remains in DHS custody pending removal proceedings.  Doc. 8 at 2.

Petitioner raises two challenges to his detention, asserting that (1) "ICE unlawfully classifies [P]etitioner as a newly arriving alien," and (2) his detention "has been unconstitutionally prolonged" in violation of the Fifth Amendment's Due Process Clause.  Doc. 1 at 6.  Respondents contend that Petitioner is "correctly classified as an 'applicant for admission' under Section 1225(b)(2)(A)," and therefore his detention is governed by 8 U.S.C. § 1225, not § 1226.  Doc. 8 at 3.

## II.    Legal Standard

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2011).

## III.    Analysis

For the reasons below, the Court concludes that (A) § 1226 governs Petitioner's detention, and (B) the proper remedy is a bond hearing where the Government bears the burden of proof.

### A.    Section 1226 governs Petitioner's detention.

"Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal."  *Cortez-Gonzalez v. Noem*, 811 F. Supp. 3d 1287, 1295 (D.N.M. 2025).  Section 1225(b) applies to "applicants for admission" who are "seeking entry into the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018); § 1225(b).  The provision mandates detention

of applicants deemed to be "seeking admission," "until certain proceedings have concluded." *Id.*; *see also Requejo Roman v. Castro,* 2026 WL 125681, at *8 (D.N.M.)

By contrast, § 1226 "applies to [noncitizens] already present in the United States." *Id.* at 303. Section 1226 permits, but does not require, the Attorney General to arrest and detain a noncitizen pending removal proceedings. *Id.* "Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings as described by federal regulation." *Cortez-Gonzalez*, 811 F. Supp. 3d at 1295.

Here, Petitioner's detention is governed by § 1226 because he is not "seeking entry" into the United States. Noncitizens, like Petitioner, who reside in the country are "no longer seeking to enter the United States (lawfully or otherwise)—they are already here." *Cortez-Gonzalez*, 811 F. Supp. 3d at 1296 (internal quotation marks and citation omitted). Petitioner has lived in the United States since ICE released him on his own recognizance in December 2023. Doc. 1 at 9. Petitioner was not arrested near the border or another port of entry; in fact, Petitioner was detained in Jacksonville, Florida, following his arrest for misdemeanor domestic battery causing bodily injury. Doc. 8 at 2. At the time of his arrest, Petitioner had been present in the United States for nearly two years. Accordingly, Petitioner is not "seeking admission" and thus, not subject to mandatory detention under § 1225. Instead, Petitioner is entitled to a bond hearing under § 1226. *See Jennings*, 538 U.S. at 306 ("Federal regulations provide that [noncitizens] detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

**B.      *The remedy is a bond hearing where the Government bears the burden of proof.***

Given Petitioner's unlawful detention, the Court must consider what process is due. In determining the process due an individual, *Mathews* requires the Court to balance (1) the private

3

interest affected by the official action, (2) the risk of erroneous deprivation of such interest through the procedures used and the probable value of additional or different procedural safeguards, and (3) the Government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three *Mathews* factors weigh in Petitioner's favor. First, Petitioner has a private interest in being free from unlawful detention. *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1243 (D.N.M. 2025). Second, because Petitioner has not received a bond hearing, the risk of erroneous deprivation of Petitioner's liberty is high. Lastly, Petitioner's "strong private interest in being free from civil detention outweighs the Government's comparatively minimal burden to justify custody." *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *3 (D.N.M.)

The proper habeas remedy is a prompt bond hearing at which the Government must prove, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community. Federal regulations dictate that under normal circumstances, the burden is on the noncitizen to demonstrate that their "release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). However, to address the Government's violation of § 1226, due process requires that the burden shift to the Government during the forthcoming bond hearing. *See Requejo Roman*, 2026 WL 125681, at *10 (concluding that "shifting the burden of proof" does not "impose an unreasonable administrative or fiscal burden on the Government").

## IV.    Conclusion

Because Petitioner's detention violates the INA, he is entitled to relief, and the Court need not address his substantive due process claim. *See id.* at *11.

4

The Court orders the Government to provide Petitioner with a bond hearing under § 1226(a) before an immigration judge within seven days of the date of this Order.  At that hearing, the Government must justify Petitioner's continued detention by clear and convincing evidence.  If the Government fails to provide a bond hearing within that timeframe, it must release Petitioner.

The Court further orders the Government to file a status report within ten days of this Order confirming that it has either provided Petitioner with a bond hearing or released him.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.