IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEYVIS PADILLA LOPEZ,

      Petitioner,

v.                                              No. 2:26-cv-00709-KG-GJF

DORA CASTRO et al.,

      Respondents.

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Deyvis Padilla Lopez's Motion to Enforce Judgment, Doc. 11, and the Government's Response, Doc. 13.  Petitioner contends that the bond hearing[1] held after the Court's prior order, Doc. 9, did not comply with the due process requirements set forth in that order.  For the reasons stated, the Court denies the motion.

## I.  *Background*

Petitioner came to the United States from Cuba on December 8, 2023.  Doc. 8 at 1. Immigration and Customs Enforcement ("ICE") agents apprehended and detained Petitioner, *id.* at 1–2, but promptly released him on his own recognizance.  Doc. 1 at 11–14.  On November 8, 2025, Petitioner was arrested in Jacksonville, Florida, on state criminal charges. Doc. 8 at 2.  After the state charges were dismissed, the Department of Homeland Security ("DHS") issued a warrant for Petitioner's arrest and moved him into DHS custody.  *Id.*  DHS transferred Petitioner to the Otero County Processing Center in Chaparral, New Mexico, on December 3, 2025.  Docs. 1 at 9, 8 at 2.

Petitioner filed a petition for a writ of habeas corpus seeking a bond hearing or

---

[1]The digital audio recording of the Bond Hearing held on April 1, 2026, is on file with the Court and lodged at Doc. 14 ("Audio Recording").

immediate release from immigration detention.  Doc. 1 at 7.  The Court concluded that

Petitioner's detention violated the Immigration and Nationality Act ("INA") and the Fifth

Amendment's Due Process Clause and ordered the Government to provide a bond hearing

within seven days, at which it had the burden to justify his continued detention by clear and

convincing evidence, or release him.  Doc. 9 at 4–5.

An Immigration Judge ("IJ") presided over the hearing on April 1, 2026.  *See* Doc. 13

at 2.  The IJ began by noting that this Court's previous order "has shifted the burden to DHS to

provide evidence of danger to the community and flight risk."  Audio Recording at 1:07–22.  The

Government argued that Petitioner was arrested for battery in November 2025, and that Petitioner

did not have a sponsor, any place to receive mail, or any person who could ensure his presence in

immigration proceedings.  *Id.* at 1:48–2:48.  The Government also noted that because Petitioner

entered the country without inspection on December 8, 2023, he would be subject to the

Circumvention of Lawful Pathways rule, which applies "a rebuttable presumption of asylum

ineligibility to noncitizens who neither avail themselves of a lawful, safe, and orderly pathway to

the United States nor seek asylum or other protection in a country through which they travel."  *Id.*;

*see* 88 Fed. Reg. 31314 (May 16, 2023).  The IJ denied bond, finding that Petitioner is "a danger

to the community due to [his] recent arrest for domestic violence."  *Id.* at 12:43–13:05.  As well,

the IJ determined that Petitioner is a flight risk "due to [his] lack of United States ties, lack of

sponsor information, and [his] manner of entry."  *Id.* at 13:36–46.  Petitioner moves to enforce

the Court's prior order, arguing that the IJ failed to shift the burden to the Government.  *See*

*generally* Doc. 11.  The Government opposes the motion.  *See* Doc. 13.

## II.     *Analysis*

Petitioner's bond hearing satisfied the due process requirements set forth in this Court's

prior order.  In granting Petitioner's habeas petition, this Court held that due process required shifting the burden to justify detention to the Government.  Doc. 9 at 4–5.  Nothing in the record demonstrates that the IJ failed to apply the burden-shifting framework.  In fact, the IJ explicitly referred to this Court's order and acknowledged that DHS bore the burden of justifying detention.  Moreover, the Government made an individualized argument that Petitioner is a danger to the community because of his arrest for battery and is a flight risk because of his lack of U.S. ties or a sponsor.

To the extent Petitioner contests the IJ's bond determination, the Court lacks the authority to consider Petitioner's claims.  *See Demore v. Kim*, 538 U.S. 510, 516 (2003) (noting that § 1226(e) precludes review of the Attorney General's "discretionary judgment" or "decision" regarding detention or release but permits constitutional challenges to detention).  A petitioner seeking review of a bond decision must either appeal the denial to the Board of Immigration Appeals or file a request for a bond redetermination.  *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021); *see also* 8 CFR § 236.1(d)(1), (3).

### III.    Conclusion

For the reasons stated, Petitioner's motion is denied.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.